[Cite as *State v. Caughenbaugh*, 2025-Ohio-3064.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00013 |
| Plaintiff - Appellant | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Licking County Municipal Court, Case No. 24-TRC-09733 |
| KORI R. CAUGHENBAUGH, | Judgment:  Reversed and Remanded |
| Defendant – Appellee | Date of Judgment:  August 27, 2025 |

BEFORE: Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: J. Michael King, for Plaintiff-Appellant; Robert E. Calesaric, for Defendant-Appellee.

*Gormley, J.*

{¶1}    Appellant State of Ohio appeals the judgment of the Licking County Municipal Court granting Appellee Kori R. Caughenbaugh's motion to suppress.  For the reasons explained below, we now reverse and remand the case for further trial-court proceedings.

**The Key Facts**

{¶2}    In the early-morning hours of a November day in 2024, a highway-patrol trooper followed a vehicle that was being driven by Caughenbaugh.  The trooper — who testified at a suppression hearing in the trial court that the tires of Caughenbaugh's vehicle crossed completely over the double yellow lines of the road while the trooper was following it — initiated a traffic stop of Caughenbaugh's vehicle.   The trooper's

observations during that traffic stop led to the filing of the traffic charges at issue in this case.

{¶3}   Caughenbaugh filed a motion to suppress, arguing that the trooper lacked reasonable suspicion to pull her over.  At the hearing, the trial judge listened to the testimony of the trooper, and he watched the trooper's dashcam footage of the alleged lane violation.

{¶4}   The trial judge then granted Caughenbaugh's motion to suppress, holding that "when there is a video recording of a defendant's allegedly unlawful operation of a vehicle and it is not discernibly corroborative of the testimony . . . the evidence is insufficient to establish that a violation was committed."  The state now appeals.

## The Trial Court Erred by Focusing Solely on the Video Recording

{¶5}   We have reviewed the dashcam footage, and we agree with the trial court that, because Caughenbaugh's vehicle was some distance from the trooper's vehicle, and because of limited lighting and dense fog, that video recording does not visibly show Caughenbaugh's vehicle crossing the center line of the road.  A trial court must, however, consider and evaluate all of the evidence that is before it when ruling on a motion to suppress.  The trooper testified that he had no doubt that Caughenbaugh committed a marked-lanes violation, but the trial court appears to have embraced a policy of disbelieving any law-enforcement officer's explanation for a traffic stop whenever the traffic violation that the officer claims to have seen is not evident to the trial judge on a video recording from that officer's cruiser.  *See State v. Thompson*, 2025-Ohio-2427, ¶ 10 (5th Dist.) (quoting the same trial judge's views that "an allegation of a traffic violation without visible corroboration when a video has been ma[d]e is insufficient to establish that

an offense has been committed").  That approach is not one that comports with a trial court's fact-finding role at a suppression hearing or at a bench trial.

{¶6}  Suppose a potential juror during the jury-selection process for a trial indicated that he or she would never believe a law-enforcement officer's trial testimony unless the prosecution presented a video recording during the trial that allowed that juror to clearly see the crime described by the officer.  Would anyone think that such a potential juror would be an appropriate person to serve on a jury in a criminal trial?  No.  Instead, we instruct jurors to consider all evidence, and we tell them to approach their work with open minds and with no preconceived ideas about the facts or the law.

{¶7}  Trial judges should of course do the same.  As we stated in *Thompson* at ¶ 13, the trial court — by applying a bright-line rule of siding with criminal defendants whenever the judge himself cannot see on a video recording the alleged traffic offense described by the government's witness or witnesses, no matter how credible those witnesses may be or how many of them may have testified about having seen the alleged traffic violation — "has failed to fulfill its duty as trier of fact to evaluate the credibility of witnesses and to weigh the evidence on a case-by-case basis."

{¶8}  Of course, the trial judge is free in this or any other case to believe or disbelieve the testimony of the government's witnesses.  The trial judge must, though, at least consider that testimony when making findings of fact, whether on suppression motions or during bench trials.  A trial court cannot simply treat witness testimony as superfluous and adhere to a policy that says every traffic stop is unlawful unless the government can provide clear video footage that convinces the trial judge that the stopped driver committed a traffic offense in the moments before the stop occurred.  Nothing in

the Fourth Amendment says that a seizure is reasonable if and only if the justification for that seizure has been captured on a video recording.

{¶9}    Because the trial judge appears to have relied solely on the dashcam video footage in ruling on the suppression motion without giving any weight to the trooper's testimony, the trial court's judgment is reversed and the case is remanded for further trial-court proceedings.  Any costs are waived.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.