[Cite as *State v. Caughenbaugh*, 2026-Ohio-1153.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025-CA-00073 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Municipal Court, Case No. 24-TRC-09733 |
| KORI R. CAUGHENBAUGH | Judgment: Reversed and Remanded |
| Defendant - Appellee | Date of Judgment Entry: March 30, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Craig R. Baldwin, Judges

**APPEARANCES:** J. MICHAEL KING, for Plaintiff-Appellant; ROBERT E. CALESARIC, for Defendant-Appellee

*King, P.J.*

{¶ 1}   Plaintiff-Appellant, State of Ohio, appeals the October 14, 2025 judgment entry of the Licking County Municipal Court granting the motion to suppress filed by Defendant-Appellee, Kori R. Caughenbaugh.  We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 15, 2024, Ohio State Highway Patrol Sergeant Joshua Carte stopped Caughenbaugh after observing her driving and crossing the double yellow center line of the road.  Caughenbaugh was subsequently charged with driving while impaired in violation of R.C. 4511.19(A)(1)(a) and (d) and left of center in violation of R.C. 4511.25.

{¶ 3}   On January 2, 2025, with leave of court, Caughenbaugh filed a motion to suppress, arguing in part that Sergeant Carte lacked reasonable suspicion to pull her over. A hearing was held on February 11, 2025; the trial court heard Sergeant Carte's testimony

and watched dashcam footage of the claimed violation. Because Caughenbaugh's vehicle was some distance from Sergeant Carte's cruiser and because of darkness and poor weather conditions, the dashcam video does not visibly show Caughenbaugh's vehicle crossing the center line of the road. By judgment entry filed March 7, 2025, the trial court granted Caughenbaugh's motion, finding Sergeant Carte lacked probable cause to effect the stop: "when there is a video recording of a defendant's allegedly unlawful operation of a vehicle and it is not discernibly corroborative of the testimony, the Court finds that the evidence is insufficient to establish that a violation was committed."

{¶ 4} The State appealed. This court reversed the trial court's decision, finding: "Because the trial judge appears to have relied solely on the dashcam video footage in ruling on the suppression motion without giving any weight to the trooper's testimony, the trial court's judgment is reversed and the case is remanded for further trial-court proceedings." *State v. Caughenbaugh,* 2025-Ohio-3064, ¶ 9 (5th Dist.).

{¶ 5} On remand, the trial court once again granted the motion to suppress, finding: "there is insufficient credible testimonial evidence that the defendant committed a traffic infraction. Given that finding of fact, it is the Court's conclusion of law that the initial stop was unlawful and constituted a violation of the defendant's Fourth Amendment right to be free from unreasonable search and seizure."

{¶ 6} The State filed an appeal with the following assignment of error:

I

{¶ 7} "THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEE'S MOTION TO SUPPRESS."

I

{¶ 8} In its sole assignment of error, the State claims the trial court erred in granting Caughenbaugh's motion to suppress. We agree.

{¶ 9} As stated by the Supreme Court of Ohio in *State v. Leak,* 2016-Ohio-154, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 10} We therefore hold that as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal.

{¶ 11} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures. *State v. Mays,* 2008-Ohio-4539, citing *State v. Orr,* 2001 Ohio

50. A traffic stop is constitutionally valid if an officer personally observes a traffic violation or has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime. *Dayton v. Erickson,* 76 Ohio St.3d 3 (1996); *Delaware v. Prouse,* 440 U.S. 648 (1979). Further, "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Freeman,* 64 Ohio St. 2d 291 (1980), paragraph one of the syllabus. "Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *Mays* at ¶ 8.

{¶ 12} In granting the motion to suppress, the trial court found the following in its entirety:

This matter comes on to be heard upon the remand of the Fifth District Court of Appeals after that honorable Court reversed this Court's decision on the defendant's motion to suppress. In conformity with that instruction, the Court finds, specific to this case only, that there is insufficient credible testimonial evidence that the defendant committed a traffic infraction. Given that finding of fact, it is the Court's conclusion of law that the initial stop was unlawful and constituted a violation of the defendant's Fourth Amendment right to be free from unreasonable search and seizure.

Accordingly, the defendant's motion to suppress is GRANTED.

It is so ordered.

{¶ 13} The State argues the trial court failed to explain why Sergeant Carte's testimony was not credible and it applied the wrong standard in reviewing the constitutionality of the traffic stop in question i.e., making a probable cause finding instead of a reasonable and articulable suspicion finding. Appellant's Brief at 4-5. The State argues under the totality of the circumstances, Sgt. Carte's unrefuted testimony as to why he stopped Caughenbaugh's vehicle provided the basis to effectuate the traffic stop for further investigation. *Id*. at 5.

{¶ 14} During the suppression hearing, Sergeant Carte testified to driving behind Caughenbaugh and observing her go left of the double yellow center line. T. at 7, 10. He observed "both the driver and the front driver's side left side and the rear left side passenger side cross over that double yellow line with a clear break between the tire and the yellow line." T. at 7. Sergeant Carte admitted it was difficult to pick that up on the dashcam video but he had no doubt in his mind that that was what he observed. T. at 7-8. The conditions at the time of the stop were dark and a light misty drizzle. T. at 5, 16; Plaintiff's Exhibits 1, 2 and 3. He explained from his point of view where he was seeing everything in real time, he had a clearer picture of the violation. T. at 11. He testified he observed the violation "anywhere in the ball park range of 120-123 feet." T. at 9. He affirmed he did not decide to stop the vehicle for no reason. T. at 10. His testimony was unrefuted.

{¶ 15} In our review of the dashcam footage, we agree it does not clearly show a center line violation. Plaintiff's Exhibit 1. The video is dark, drizzly, and the streetlights are amplified by the camera causing glares. But dashcam video was not and is not always available and sometimes an officer's testimony of his/her observations is all a trial court has to rely on in making a determination on a lawful stop.

{¶ 16} For reasons not stated, the trial court found there was "insufficient credible testimonial evidence that the defendant committed a traffic infraction."  Was Sergeant Carte's testimony on what he observed insufficient or not credible or both?  Because Sergeant Carte's unrefuted testimony is that from his point of view in real time, he clearly observed the vehicle go left of center.  If the determination is that Sergeant Carte did not observe a traffic violation, did he have any reasonable and articulable suspicion to stop Caughenbaugh?  We find the trial court's analysis lacks clarity.

{¶ 17} Upon review, we remand the matter to the trial court to address this court's concerns and clarify why it did not accept Sergeant Carte's testimony, and determine if Sergeant Carte did not observe a traffic violation, did he have any reasonable and articulable suspicion to pull over Caughenbaugh.

{¶ 18} The sole assignment of error is granted.

{¶ 19} For the reasons stated in our accompanying Opinion, the judgment of the Licking County Municipal Court is REVERSED and REMANDED for further consideration.

{¶ 20} Costs are waived.

By: King, P.J.

Baldwin, J. concur.

Hoffman, J. concurs separately.

*Hoffman, J., concurring*

**{¶21}** I concur in the majority's disposition of this case.

**{¶22}** I begin by noting the fact Trooper Carte's testimony was "unrefuted" does not mean it must be accepted as credible by the trier-of-fact.[1]  I believe the trial court clearly found the trooper's testimony incredible.

**{¶23}** My reason for joining the majority decision remanding the case to the trial court is due to the trial court's language which seemingly requires the State of Ohio needed to prove Appellee "committed" a traffic violation.  I agree with the majority the appropriate legal test is whether reasonable and articulable suspicion existed to stop Appellee, a lesser standard than that apparently applied by the trial court.

**{¶24}** Though I believe the result on remand will likely remain the same based on the trial court's finding there was insufficient, credible testimonial evidence, such determination must be made after application of the appropriate legal standard.

---

[1] The video evidence does provide contradictory evidence to the trooper's testimony.